# FRESHFIELDS

**Silicon Valley**

855 Main Street
Redwood City, CA 94063

**Eunice Leong**
**T** +1 (650) 618-9250
**T** +1 (650) 461-8277 (direct)
**E** eunice.leong@freshfields.com

**freshfields.us**

Doc ID - -/0
Our Ref -

VIA ECF

**May 15, 2025**

The motion to seal is GRANTED.

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Date: 5/16/25

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

RE:    *Ayrton Capital, LLC v. Bitdeer Technologies Group*, No. 1:24-cv-05160-LJL

Dear Judge Liman,

We represent Plaintiff Ayrton Capital, LLC ("Ayrton") in the above-captioned matter. Pursuant to Paragraph 2(H) and Attachment A of Your Honor's Individual Practices, we respectfully request that a portion of Exhibit 17, ECF No. 76-1, annexed to the May 8, 2025 Declaration of Michael Carlinsky (the "Carlinsky Declaration") in Support of Bitdeer Technologies Group's ("Bitdeer") Reply Memorandum in Further Support of Its Motion for Leave to Amend Its Answer, Affirmative Defenses And Counterclaim (the "Reply"), ECF No. 75, remain under seal. Ayrton does not seek to seal any other documents provisionally sealed by Bitdeer in conjunction with its Reply.

In determining whether to seal a document, a court should balance the different competing interests, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In carrying out this analysis, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

The highlighted portion of Ex. 17 contains highly confidential information relating to Ayrton's investment performance and strategy, disclosure of which would be detrimental to Ayrton. *See id*. at *4 (allowing redactions where "disclosure would negatively impact . . . negotiating capabilities); *EFCG, Inc. v. AEC Advisors, LLC*, 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (redacting "confidential, commercially sensitive information which might harm [movant]'s competitive standing"). Ayrton's request is narrowly tailored to only the portion of Ex. 17 that would reveal this highly confidential information.

Ayrton thus respectfully requests that the Court grant its motion to redact under seal the requested portion of Ex. 17 annexed to the Carlinsky Declaration.

Respectfully submitted,

*/s/ Eunice Leong*
_____

Eunice Leong