# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AYRTON CAPITAL, LLC,<br>*Plaintiff*,<br>v.<br>BITDEER TECHNOLOGIES GROUP,<br>*Defendant*. | Case No. 24-5160 |

**DEFENDANT BITDEER TECHNOLOGIES GROUP'S RESPONSES AND OBJECTIONS TO PLAINTIFF AYRTON CAPITAL, LLC'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendant Bitdeer Technologies Group ("Bitdeer"), by and through its attorneys, hereby responds and objects to the Notice of Deposition Pursuant to Rule 30(b)(6) (the "Notice") served by Plaintiff Ayrton Capital, LLC ("Ayrton") in the above-captioned action ("Action"), without waiving any claims that Bitdeer has or hereafter may assert in the Action.

**GENERAL OBJECTIONS**

Each of the following general objections (together with the objections to the Definitions below, the "General Objections") is incorporated as an objection to Bitdeer's Topic for Deposition (the "Topic"), whether or not a specific reference is made to it in response to the Topic. The assertion of the same, similar, or additional objections in the specific response to the Topic (the "Specific Objections") does not waive any of the General Objections.

1. Bitdeer objects to the Topic on the ground and to the extent that it is vague and ambiguous, overbroad or unduly burdensome, seeks information that is not relevant to the claims

or defenses of any party to this Action, or is not reasonably calculated to lead to the discovery of admissible evidence.

2. Bitdeer objects to the Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested.

3. Bitdeer objects to the Topic to the extent that it seeks testimony that is more properly the subject of expert testimony.

4. Bitdeer objects to the Topic to the extent that it assumes disputed facts, calls for legal conclusions, or is predicated upon unsupported legal conclusions asserted by Ayrton.

5. Bitdeer objects to the Topic to the extent that it seeks information that is publicly available or that is available from a more convenient source or through other means of discovery that are more convenient, more efficient, or more practical, including document discovery.

6. Bitdeer objects to the Topic to the extent that it seeks testimony that is not properly the subject of a Rule 30(b)(6) deposition or that is more easily available through other less burdensome means than a deposition.

7. Bitdeer objects to the Topic as unduly burdensome to the extent that it is duplicative or cumulative of other discovery.

8. Bitdeer objects to the Topic to the extent that it improperly attempts to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule, order, law, or practice.

9. Bitdeer objects to the Topic to the extent that it seeks information outside of Bitdeer's possession, custody, or control, or information unknown to Bitdeer, including information already in Ayrton's possession or to which Ayrton has equal or greater access.

10. Bitdeer objects to the Topic to the extent that it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other relevant statutory authority or case law. Bitdeer responds to the Topic without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity. Nothing that is contained in any of these responses or contained in any testimony given at any subsequent deposition is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or doctrine.

11. Bitdeer objects to the Topic to the extent that it seeks information containing confidential commercial, business, financial, proprietary, or competitively sensitive information, or information that is subject to non-disclosure agreements or confidentiality obligations. Bitdeer does not commit to provide information subject to such agreements or obligations without consent from the appropriate third parties or tribunals.

12. Bitdeer's investigation is ongoing and it reserves the right to amend, modify, or supplement these Objections and Responses. Bitdeer's responses reflect only the current state of its knowledge or information regarding the Topic. Further investigation may identify additional facts or information that could lead to additions or changes to these Objections and Responses.

13. Any response to the Topic indicating that Bitdeer will designate an individual to testify on its behalf shall not be construed as an admission that Bitdeer knows information regarding the Topic or that there is information reasonably available to Bitdeer regarding the Topic. Such responses indicate only that Bitdeer will make a reasonable effort to ascertain such

information. Similarly, any objection by Bitdeer does not constitute a representation or admission that such information does in fact exist or is known to Bitdeer.

14. Nothing contained in any response shall be deemed to be an admission, concession, or waiver by Bitdeer as to the relevance, materiality, or admissibility of any information or subject matter.

## **OBJECTIONS TO DEFINITIONS**

15. Bitdeer objects to the definition of "Financing" as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "any transaction involving notes, loan arrangements, or raising capital, debt, or money."

16. Bitdeer objects to the definition of "Tether" as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "any parents, subsidiaries, affiliates, employees, agents, representatives, officials, appointees, consultants, or any other Person acting on [*sic*] purporting to act on behalf of Tether International Limited." Bitdeer defines "Tether" to refer to Tether International Limited and its known employees, officers, and directors.

17. Bitdeer objects to the definition of "Tether Transaction" to the extent that it incorporates the term "Financing." Bitdeer defines the "Tether Transaction" as the transaction between Bitdeer and Tether, the terms of which are publicly disclosed in Bitdeer's securities filings.

18. Bitdeer objects to the definition of "You," "Your," and "Company" as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "any parents, subsidiaries, affiliates, employees, agents, representatives, officials, appointees, consultants, attorneys, or any Person acting or purporting to act on behalf of Bitdeer Technologies Group."

Bitdeer defines "You" and "Your" to refer to Bitdeer Technologies Group and its employees, officers, and directors.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Topic No. 1**

The Tether Transaction, including but not limited to (a) Your relationship with Tether; (b) negotiations surrounding the Tether Transaction, from the terms originally proposed through the terms ultimately agreed to; (c) the dates of all negotiations with Tether and the individuals involved in any such negotiations; (d) communications with any other third parties relating to the Tether Transaction, including with respect to closing of the transaction and registration of any underlying shares issued or contemplated therein; and (e) communications with Tether regarding Ayrton.

**Response to Topic No. 1(a)**

In addition to the General Objections, Bitdeer objects to this Topic on the grounds that it is not relevant to any claim or defense currently in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Bitdeer further objects to this Topic to the extent the word "relationship" is vague and undefined. Bitdeer further objects to this Topic to the extent it is unlimited as to time.

Subject to the General and Specific Objections, Bitdeer will produce a witness to testify about the contractual relationship between Bitdeer and Tether as reflected in the Tether Transaction. Subject to the same objections and provisos, Bitdeer will produce a witness to testify in general terms to the nature of Bitdeer's relationship with Tether between April 29, 2024 and the present, to the extent any relationship existed between those parties at that time.

**Response to Topic No. 1(b)**

In addition to the General Objections, Bitdeer objects to this Topic to the extent the word "negotiations" is vague and undefined.

Subject to the General and Specific Objections, Bitdeer will produce a witness to testify about negotiations between Bitdeer and Tether surrounding the Tether Transaction.

**Response to Topic No. 1(c)**

In addition to the General Objections, Bitdeer objects to this Topic on the grounds that it is not relevant to any claim or defense currently in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Bitdeer further objects to this Topic to the extent the word "negotiations" is vague and undefined.

Subject to the General and Specific Objections, Bitdeer will produce a witness to testify about the dates of negotiations between Bitdeer and Tether regarding the Tether Transaction and the individuals involved in such negotiations.

**Response to Topic No. 1(d)**

In addition to the General Objections, Bitdeer objects to this Topic to the extent it refers to communications with an unspecified and unlimited set of "other third parties." Bitdeer further objects to this Topic to the extent the word "negotiations" is vague and undefined.

Subject to the General and Specific Objections, Bitdeer will produce a witness to testify about the general process through which Bitdeer and Tether, directly or through their agents, finalized the Tether Transaction documents and registered securities that were issued to Tether.

**Response to Topic No. 1(e)**

In addition to the General Objections, Bitdeer objects to this Topic to the extent it is unlimited as to time. Bitdeer further objects to this Topic to the extent it presumes the existence of communications that do not exist.

Subject to the General and Specific Objections, Bitdeer will produce a witness to testify about any communications between Bitdeer and Tether regarding Ayrton, to the extent any exist.

DATED: April 8, 2025

/s/ *Renita Sharma*
Michael B. Carlinsky
Renita Sharma
Daniel Sisgoreo
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Phone: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
renitasharma@quinnemanuel.com
danielsisgoreo@quinnemanuel.com

*Attorneys for Defendant Bitdeer Technologies Group*