# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AYRTON CAPITAL, LLC,<br>*Plaintiff*,<br>v.<br>BITDEER TECHNOLOGIES GROUP,<br>*Defendant*. | Case No. 24-5160 |

**DEFENDANT BITDEER TECHNOLOGIES GROUP'S RESPONSES AND OBJECTIONS TO PLAINTIFF AYRTON CAPITAL, LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant Bitdeer Technologies Group ("Bitdeer") hereby responds and objects to Plaintiff Ayrton Capital, LLC's First Set of Interrogatories (the "Interrogatories" or, individually, each an "Interrogatory") served in the above-captioned action ("Action"), without waiving any claims that Bitdeer has or hereafter may assert in the Action.

## GENERAL OBJECTIONS

The following general objections (together with the objections to the Definitions and Instructions below, the "General Objections") apply to each of the Interrogatories and are incorporated by reference into each Response as if expressly set forth therein. The assertion of the same, similar, or additional objections in the specific response to each Interrogatory (the "Specific Objections") does not waive any of the General Objections.

1. Bitdeer objects to the Interrogatories on the ground and to the extent that they exceed the scope of interrogatories permitted at the commencement of discovery by Local Civil Rule 33.3 of the Southern District of New York Local Rules.

2. Bitdeer objects to each and every Interrogatory on the ground and to the extent it requires Bitdeer to provide information beyond what can be obtained by a reasonably diligent investigation.

3. Bitdeer objects to each and every Interrogatory on the ground and to the extent it seeks information outside of Bitdeer's possession, custody, or control.

4. Bitdeer objects to each and every Interrogatory to the extent it assumes disputed facts or states legal conclusions. These Responses are not intended to be, nor should they be construed as, an admission by Bitdeer of any such disputed facts or legal conclusions.

5. Bitdeer objects to each and every Interrogatory on the ground and to the extent it seeks information that is publicly available, is already in Plaintiff's possession or has been provided to Plaintiff, or to which Plaintiff has equal or greater access. To the extent Bitdeer identifies any such documents in response to the Interrogatories based on its reasonable search, Bitdeer does so only for emphasis and without excluding from its response any and all other responsive documents already in Plaintiff's possession.

6. Bitdeer objects to each and every Interrogatory on the ground and to the extent it seeks information that is the subject of expert discovery, and will be disclosed as part of expert discovery. Bitdeer reserves the right to rely on information that may be disclosed as part of expert discovery, and Bitdeer's responses should not be interpreted as limiting Bitdeer's reliance on arguments or evidence that may be disclosed as part of expert discovery.

7. Bitdeer's responses are given without prejudice to its right to produce or rely on subsequently discovered information, facts, or documents. Bitdeer accordingly reserves its right to produce or rely on subsequently discovered documents as additional facts are ascertained. Bitdeer's discovery and investigation in this matter are ongoing, and Bitdeer reserves the right to supplement or amend its responses pursuant to Federal Rule 26(e) with additional information as its investigations continue and discovery progresses. Bitdeer's responses should not be interpreted as limiting, in any way, Bitdeer's trial presentation, the evidence Bitdeer may seek to admit, or any argument or evidence that Bitdeer may rely on in connection with any motion.

## OBJECTIONS TO DEFINITIONS

1. Bitdeer objects to the definitions of "Communications" and "Communicating" as overbroad and unduly burdensome, including to the extent they refer to "handwritten notes . . . instant messages (including, without limitation, Slack, WhatsApp, and similar platforms), voicemail, transcripts, recordings, and so on."

2. Bitdeer objects to the definition of "Document" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

3. Bitdeer objects to the definition of "Financing" as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "any transaction involving notes, loan arrangements, or raising capital, debt, or money." Bitdeer defines "Financing" as referring to transactions involving the sale of debt instruments.

4. Bitdeer objects to the definition of "Identify" to the extent the definition purports to require Bitdeer to provide information outside the scope of Local Civil Rule 33.3(a)–(b) by seeking information beyond names of witnesses, the computation of damages, the existence or

location of documents or other physical evidence, and an Interrogatory is not a more practical method of obtaining the information sought.

5. Bitdeer objects to the definition of "Information" as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "databases provided by external vendors."

6. Bitdeer objects to the definitions of "Regarding," "Relating to," and "Related to" as overbroad, unduly burdensome, vague, and ambiguous. Bitdeer interprets these words in accordance with the definition of "Concerning" in Local Civil Rule 26.3(c)(7).

7. Bitdeer objects to the definition of "Term Sheet" as vague and ambiguous to the extent it refers to an Exhibit that is not attached to the Interrogatories. Bitdeer will interpret "Term Sheet" as referring to the April 29, 2024 Term Sheet executed by Waqas Khatri, on behalf of Ayrton Capital LLC as investment manager for Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B, and Jihan Wu, on behalf of Bitdeer Technologies Group.

8. Bitdeer objects to the definition of "Tether" as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "any parents, subsidiaries, affiliates, employees, agents, representatives, officials, appointees, consultants, or any other Person acting o[r] purporting to act on behalf of Tether International Limited." Bitdeer defines "Tether" to refer to Tether International Limited and its known employees, officers, and directors.

9. Bitdeer objects to the definition of "Tether Transaction" as vague and ambiguous to the extent it refers to a press release that is not attached to the Interrogatories.

10. Bitdeer objects to the definition of "You" and "Your" as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "any parents, subsidiaries, affiliates, employees, agents, representatives, officials, appointees, consultants, or

any other Person acting or purporting to act on behalf of Bitdeer Technologies Group." Bitdeer defines "You" and "Your" to refer to Bitdeer Technologies Group and its employees, officers, and directors.

**OBJECTIONS TO INSTRUCTIONS**

1. Bitdeer objects to Instruction No. 2 as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Bitdeer to answer the Interrogatories based on Information in the possession, custody, or control of "Your subsidiaries, divisions, predecessors, successors, affiliates, employees, agents, representatives, appointees, or attorneys."

2. Bitdeer objects to Instruction No. 5 to the extent it requires Bitdeer to rewrite Ayrton's Interrogatories. Bitdeer agrees to meet and confer regarding any Interrogatories that Bitdeer considers to be vague.

3. Bitdeer objects to Instruction No. 6 as unduly burdensome, particularly to the extent it purports to impose requirements greater than those stated in Local Civil Rule 26.2. Bitdeer will produce information sufficient to substantiate any assertion of privilege in its privilege log, which will comply with the requirements of Local Civil Rule 26.2.

**RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1**

With respect to the Tether Transaction, identify the name and title of any Persons who Communicated on Your behalf and the name and title of any Person who Communicated with You on behalf of Tether.

**Response to Interrogatory No. 1**

In addition to the General Objections, Bitdeer objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(a), which, at the commencement of discovery and as relevant here,

permits only those interrogatories seeking "names of witnesses with knowledge of information relevant to the subject matter of the action." Specifically and without limitation, Bitdeer objects that Plaintiff's requests for "the name and title of any Persons who Communicated on Your behalf" and "the name and title of any Person who Communicated with You on behalf of Tether" do not seek the "names of witnesses with knowledge of information relevant to the subject matter of the action." Bitdeer further objects to this Interrogatory to the extent that it purports to require Bitdeer to identify the name and title of any Person who Communicated on its behalf to unidentified addressees with respect to the Tether Transaction. Bitdeer further objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(b), which states that "interrogatories other than those seeking information described in [Local Civil Rule 33.3(a)] may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court." Bitdeer further objects to this Interrogatory on the ground that it seeks information that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case.

Subject to and without waiving these Specific Objections and its General Objections, Bitdeer responds that the names of witnesses with knowledge of information relevant to the subject matter of the action with respect to the Tether Transaction are Jihan Wu, Chairman and CEO; Matt Kong, Director and Chief Business Officer; Jeff LaBerge, Head of Capital Markets and Strategic Initiatives; and Haris Basit, Chief Strategy Officer.

**Interrogatory No. 2**

With respect to the Tether Transaction, identify the name and title of any other Person with whom you Communicated that is not identified in response to Interrogatory No. 2.

**<u>Response to Interrogatory No. 2</u>**

In addition to the General Objections, Bitdeer objects to this Interrogatory on the basis that it is vague, particularly given that it is Interrogatory No. 2 but calls for information "not identified in response to Interrogatory No. 2." Bitdeer further objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(a), which, at the commencement of discovery and as relevant here, permits only those interrogatories seeking "names of witnesses with knowledge of information relevant to the subject matter of the action." Specifically and without limitation, Bitdeer objects that Plaintiff's request for "the name and title of any other Persons with whom you Communicated" does not seek the "names of witnesses with knowledge of information relevant to the subject matter of the action." Bitdeer further objects to this Interrogatory on the basis that it is vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and disproportionate to the needs of the case given it seeks information regarding an unspecified range of third parties with whom any Person affiliated with any Bitdeer affiliate may have communicated regarding the Tether Transaction over an unspecified time period. Bitdeer further objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(b), which states that "interrogatories other than those seeking information described in [Local Civil Rule 33.3(a)] may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court."

On the basis of these Specific Objections and the General Objections, Bitdeer declines to answer this Interrogatory.

**<u>Interrogatory No. 3</u>**

Identify the name and title of all Persons with whom You communicated regarding Financing for Bitdeer between March 1, 2024 and July 8, 2024, including but not limited to the

name and title of any banker, placement agent, investment professional, investor, underwriter, sponsor, or other similar Person.

**Response to Interrogatory No. 3**

In addition to the General Objections, Bitdeer objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(a), which, at the commencement of discovery and as relevant here, permits only those interrogatories seeking "names of witnesses with knowledge of information relevant to the subject matter of the action." Specifically and without limitation, Bitdeer objects that Plaintiff's request for "the name and title of all Persons with whom You communicated regarding Financing for Bitdeer" does not seek the "names of witnesses with knowledge of information relevant to the subject matter of the action." Bitdeer objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, vague, and ambiguous. Bitdeer further objects to this Interrogatory on the ground that it seeks information that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case. Bitdeer further objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(b), which states that "interrogatories other than those seeking information described in [Local Civil Rule 33.3(a)] may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court."

Subject to and without waiving these Specific Objections and its General Objections, Bitdeer responds that the names of witnesses at Ayrton with knowledge of information relevant to the subject matter of the action, specifically the Term Sheet and subsequent negotiations of a transaction between Bitdeer and Ayrton, are Waqas Khatri, Managing Member of Ayrton; Jarryd Gross, Research Analyst at Ayrton; and Daniel Altman, General Counsel and Chief Compliance Officer of Ayrton.

**Interrogatory No. 4**

Identify the name and title of all Persons who communicated on Your behalf with any of the parties identified in response to Interrogatory No. 4.

**Response to Interrogatory No. 4**

In addition to the General Objections, Bitdeer objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(a), which, at the commencement of discovery and as relevant here, permits only those interrogatories seeking "names of witnesses with knowledge of information relevant to the subject matter of the action." Specifically and without limitation, Bitdeer objects that Plaintiff's request for "the name and title of all Persons who communicated on Your behalf" does not seek the "names of witnesses with knowledge of information relevant to the subject matter of the action." Bitdeer further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, vague, and ambiguous. Bitdeer further objects to this Interrogatory on the ground that it seeks information that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including to the extent it asks Bitdeer to identify "the name and title of all Persons who communicated on Your behalf with any of the parties identified in response to Interrogatory No. 4." Bitdeer further objects to this Interrogatory to the extent it violates Local Civil Rule 33.3(b), which states that "interrogatories other than those seeking information described in [Local Civil Rule 33.3(a)] may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court."

Subject to and without waiving these Specific Objections and its General Objections, Bitdeer responds that the names of witnesses at Bitdeer with knowledge of information relevant to the subject matter of the action, specifically the Term Sheet and subsequent negotiations of a

transaction between Bitdeer and Ayrton, are Jihan Wu, Chairman and CEO; Matt Kong, Director and Chief Business Officer; Jeff LaBerge, Head of Capital Markets and Strategic Initiatives; Haris Basit, Chief Strategy Officer; and Samantha Robertson, Director of Global Energy Strategy.

DATED: December 16, 2024

/s/ *Michael B. Carlinsky*
Michael B. Carlinsky
Renita Sharma
Daniel Sisgoreo
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Phone: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
renitasharma@quinnemanuel.com
danielsisgoreo@quinnemanuel.com

*Attorneys for Defendant Bitdeer Technologies Group*

**VERIFICATION**

I, Haris Basit, am an authorized representative of Bitdeer Technologies Group. I make this verification pursuant to Fed. R. Civ. P. 33(b)(5). I have reviewed the foregoing Defendant Bitdeer Technologies Group's Responses and Objections to Plaintiff Ayrton Capital, LLC's First Set of Interrogatories ("the Responses"), which were prepared with the assistance of counsel. Based on my review, I believe, based on reasonable inquiry, that the foregoing Responses are true and correct to the best of my knowledge, information, and belief. I reserve the right to make changes in or additions to, or otherwise provide supplemental responses to, any of these Responses.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this 16th day of December, 2024.

DATED: December 16, 2024

Haris Basit