```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
AYRTON CAPITAL LLC,                                                :
                                                                   :
                           Plaintiff,                              :
                                                                   :           24-cv-5160 (LJL)
             -v-                                                   :
                                                                   :          MEMORANDUM AND
BITDEER TECHNOLOGIES GROUP,                                        :               ORDER
                                                                   :
                           Defendant.                              :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendant Bitdeer Technologies Group ("Defendant" or "Bitdeer") moves for a protective order to preclude the deposition of its Chief Executive Officer Jihan Wu. Dkt. Nos. 88–89. Defendant Ayrton Capital LLC ("Ayrton") cross-moves for an order extending the length of the deposition of Wu to ten and one-half hours. Dkt. No. 92 at 3. Both motions are denied.[1] Bitdeer's motion to seal Exhibits 3–7 and 10 attached to its motion for a protective order is granted. Dkt. No. 87.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.

---

[1] The Court permitted Bitdeer a response to Ayrton's cross-motion limited to the issue whether the deposition should be extended beyond seven hours. *See* Dkt. Nos. 93–94. Ayrton's request to reply to Bitdeer's response, Dkt. No. 95, is denied.

Civ. P. 26(b)(1). Rule 26 further provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

"The party seeking discovery bears the initial burden of proving the discovery is relevant." *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019). Once that party has shown relevance, "it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012).

Recognizing "'the possibility of business disruption and the potential for harassment' of senior executives, courts may properly scrutinize 'requests to depose high-ranking corporate . . . officials, who are sometimes referred to as 'apex witnesses.'" *Oakley v. MSG Networks, Inc.*, 2024 WL 4134903, at *2 (S.D.N.Y. Sept. 10, 2024) (quoting *Chevron Corp. v. Donziger*, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013)), *reconsideration denied*, 2024 WL 4859024 (S.D.N.Y. Nov. 21, 2024) (Sullivan, J.). "[U]nder the apex doctrine, executives are 'safeguarded' from depositions unless they have 'unique evidence, personal knowledge of the claims at issue, and other witnesses are incapable of providing testimony about the conduct alleged.'" *Shiber v. Centerview Partners LLC*, 2023 WL 3071554, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting *Harapeti v. CBS Television Stations Inc.*, 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021)). "This protective principle derives from Federal Rule of Civil Procedure 26(b)(2), which limits discovery that is unreasonably cumulative or duplicative or is obtainable from a 'more convenient, less burdensome, or less expensive' source." *loanDepot.com, LLC v. CrossCountry Mortg., LLC*, 2024 WL 2154189, at *1 (S.D.N.Y. Apr. 9, 2024) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)). "Nevertheless, 'senior executives are not exempt from deposition, and because principles relating to apex witnesses are in tension with the broad availability of

discovery, it is important to excuse a witness from giving testimony only in compelling circumstances.'" *Oakley*, 2024 WL 4134903, at *2 (quoting *Chevron Corp.*, 2013 WL 1896932, at *1).

Plaintiff has demonstrated that the deposition of Wu is likely to yield relevant evidence, and Defendant has not established an entitlement to protection under the apex doctrine. Plaintiff alleges that Defendant breached a term sheet entered into between the parties by engaging in a third-party financing transaction during Plaintiff's period of exclusivity and then depriving Plaintiff of the right to participate in that financing transaction, which Plaintiff claims it would be entitled to under the term sheet. Dkt. No. 1. Defendant disputes Plaintiff's interpretation of the term sheet, denies that it breached the term sheet, and claims that it was fraudulently induced to sign the term sheet. Dkt. No. 80. Although Wu was not directly involved in the negotiations of the term sheet and did not communicate directly with anyone from Ayrton, Dkt. No. 89-11 ¶¶ 3–4, he signed the term sheet. Dkt. No. 51-1 at 4. He thus is in a unique position to testify with respect to Bitdeer's understanding of the agreement and Bitdeer's reasons for signing it. He was identified by Defendant as having information regarding the financing transaction contemplated by the term sheet that Bitdeer entered into with Ayrton. Dkt. No. 92-1 at 3. Defendant identified Wu as only one of five witnesses at Defendant with knowledge of information relevant to the subject matter of this action, namely the term sheet and the subsequent negotiations of a transaction between Bitdeer and Ayrton. Dkt. No. 92-2 at 9–10. Documents already in the record reflect Wu's involvement in the negotiation of the term sheet. Dkt. Nos. 89-3–89-7. Other witnesses have not been able to testify to the review Wu performed before signing the agreement. Dkt. No. 91-10 at 6. Bitdeer has not shown that a protective order is justified.

The Court has authority to extend the length of a deposition and has done so in cases where a witness has had to testify in a foreign language. *See* Fed. R. Civ. P. 30, advisory committee notes to 2000 amendment ("Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination."); *see also Beach Mart, Inc. v. L & L Wings, Inc.*, 2013 WL 1122833, at *1 (E.D.N.C. Mar. 18, 2013) (in deposition where foreign language interpreter was used, court allowed two hours beyond the seven hours set under Fed. R. Civ. P. 30(d)(1) to take deposition). Ayrton, however, has not shown good cause for an order extending the time for Wu's deposition. Although Ayrton professes to be concerned that the need for an interpreter to translate Wu's answers from Chinese to English will make it difficult to complete the deposition in seven hours, Dkt. No. 92 at 3, it did not express that concern with respect to the other witness who required Mandarin interpretation for his deposition or express that concern during the conferences between the parties regarding Wu's deposition, Dkt. No. 94 at 2. Ayrton has provided no reason to believe that the deposition could not be completed well within seven hours, even including the time for translation.[2]

Bitdeer has moved to seal Exhibits 3–7 and 10 attached to its motion for a protective order and to provisionally seal Exhibit 2. Dkt. No. 87. "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally

---

[2] Bitdeer requests that the deposition be by written question. Dkt. No. 88 at 3; Dkt. No. 89 at 3. That request is denied. In the cases cited by Bitdeer, *Retail Brand All., Inc. v. Factory Mut. Ins. Co.*, 2008 WL 622810, at *5 (S.D.N.Y. Mar. 7, 2008) and *Bouchard v. New York Archdiocese*, 2007 WL 2728666, at *4 (S.D.N.Y. Sept. 19, 2007), *order aff'd and remanded,* 2007 WL 4563492 (S.D.N.Y. Dec. 18, 2007), the court directed deposition by written question to test the otherwise unchallenged assertion of the witness that he had no knowledge of any facts relevant to the case. Here, Ayrton has offered evidence of Wu's involvement in the transaction through, at a minimum, his agreement as Chief Executive Officer to the term sheet.

somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).  Given this lower presumption, Bitdeer has sufficiently shown that the privacy interest in protecting the confidentiality of competitively sensitive business information outweighs the presumption of public access. *See fuboTV Inc. v. Walt Disney Co.*, 2025 WL 19322, at *1 (S.D.N.Y. Jan. 2, 2025).  The motion to seal is granted as to Exhibits 3–7 and 10.[3]

The motion for a protective order is DENIED and the cross-motion to extend the length of the deposition is DENIED.  The motion to seal is GRANTED as to Exhibits 3–7 and 10.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 87–89.

SO ORDERED.

Dated: June 24, 2025
       New York, New York

LEWIS J. LIMAN
United States District Judge

---

[3] Bitdeer moved to provisionally seal Exhibit 2 for one week to afford Ayrton the opportunity to move for sealing.  Dkt. No. 87.  More than one week has passed, and Ayrton has not moved to seal Exhibit 2.  If Ayrton does not move for sealing by June 27, 2025, the Court will unseal Exhibit 2 in its entirety.