**FRESHFIELDS**

<u>VIA ECF</u>

**December 3, 2025**

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Silicon Valley**

855 Main Street
Redwood City, CA  94063

**Eunice Leong**
**T**  +1 (650) 618-9250
**T**  +1 (650) 461-8277 (direct)
**E**  eunice.leong@freshfields.com

**freshfields.us**

Doc ID - -/0
Our Ref -

**RE:    *Ayrton Capital, LLC v. Bitdeer Technologies Group*, No. 1:24-cv-05160-LJL**

Dear Judge Liman,

We represent Plaintiff Ayrton Capital, LLC ("Ayrton") in the above-captioned matter. Pursuant to Paragraph 2(H) and Attachment A of Your Honor's Individual Practices, we respectfully request that portions of Defendant Bitdeer Technologies Group's ("Bitdeer") Memorandum of Law in Opposition to Ayrton's Motion for Summary Judgment ("Opposition Memorandum of Law"), ECF No. 135; Bitdeer's Responses to Ayrton's Rule 56.1 Statement of Material Facts ("Rule 56.1 Statement Response"), ECF No. 136; and Exhibits 37 and 43 annexed to the November 26, 2025 Declaration of Renita Sharma in Opposition to Ayrton's Motion for Summary Judgment, ECF No. 137, remain partially under seal. Ayrton does not seek to seal any other documents provisionally sealed by Bitdeer in conjunction with its Opposition Memorandum of Law.

In determining whether to seal a document, a court should balance the different competing interests, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Ayrton seeks to seal two categories of information: (1) highly confidential information relating to Ayrton's investment strategy and confidential business information, and (2) private information belonging to non-party employees. Compelling reasons support granting Ayrton's narrowly tailored request to seal.

*First*, Ayrton would be competitively harmed by disclosure of its highly confidential investment strategy and potential counterparties. *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) (Liman, J.) ("Courts have [] frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access."); *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2021 WL 2451981, at *1 (S.D.N.Y. June 16, 2021) (crediting movants' "assert[ion] that the proposed redactions are necessary to protect their confidential and proprietary business information"). Furthermore, the competitively sensitive information Ayrton seeks to seal relates to the financial terms and security interest for the transaction contemplated by the Term Sheet, deals with other counterparties with no relevance to this lawsuit, details regarding Ayrton's financial performance, and Ayrton's investment strategies. *See* Opposition Memorandum of Law; Rule 56.1 Statement Responses; DEx. 37. This information plays a "negligible role," if any, "in the adjudication of th[e] motion for summary judgment." *Spencer-Smith*, 2025 WL 1115019, at *2 (quoting *Lugosch*, 435 F.3d at 121).

**FRESHFIELDS**

*Second*, courts routinely seal personally identifiable information such as "personal or otherwise non-public email addresses and phone numbers." *See, e.g.*, *Robinson v. De Niro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023) (Liman, J.). Likewise, personal financial information "implicate[s] 'significant privacy interests' that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision on the summary judgment." *Spencer-Smith*, 2025 WL 1115019, at *2. This is true for the personal information Ayrton seeks to redact here. *See* DEx. 43.

Ayrton requests that the Court grant its motion to redact information in the following documents:

| Document | Bates Number | Document Description | Sealed Portions |
|---|---|---|---|
| Opposition Memorandum of Law | N/A | Bitdeer's Opposition Memorandum of Law | Green highlighted portions |
| Rule 56.1 Statement Response | N/A | Bitdeer's Response to Ayrton's Rule 56.1 Statement | Green highlighted portions |
| DEx. 37 (ECF 137-1) | N/A | Excerpts from deposition transcript of Jarryd Gross, dated March 25, 2025. | Ayrton seeks leave to seal the green highlighted portions at pages 21, 50, 62, 68–72, 128–129, 152–156, 158, 160–161, 190, 255–256, 320–325. |
| DEx. 43 (ECF 137-7) | AYRTON_0001975 | Emails between J. LaBerge and J. Gross, dated May 6, 2024. | Ayrton seeks leave to seal the green highlighted portion on AYRTON_0001975. |

Ayrton thus respectfully requests that the Court grant its motion to redact the green highlighted portions of Bitdeer's Opposition Memorandum of Law, Rule 56.1 Statement Response, and the exhibits as noted in the table above.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Eunice Leong*

Eunice Leong

The motion for continued sealing is GRANTED for the reasons provided above.  The Court adopts the proposed redactions at Dkt. No. 152.

The Clerk of Court is respectfully directed to seal Dkt. No. 153 and the accompanying exhibits and to close Dkt. No. 152.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

December 4, 2025