quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7613**

WRITER'S EMAIL ADDRESS
**danielsisgoreo@quinnemanuel.com**

December 3, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Ayrton Capital, LLC v. Bitdeer Technologies Group*, Case No. 24 Civ 05160 (LJL)
       Motion to Maintain Seal

Dear Judge Liman:

We represent Defendant Bitdeer Technologies Group in the above-captioned matter. Pursuant to Paragraph 2(H) and Attachment A of Your Honor's Individual Practices, we respectfully move to maintain under seal certain portions of various exhibits to the November 26, 2025 Declaration of Andrew Gladstein (ECF No. 148):  Exhibits 66 (ECF No. 148-04), 70 (ECF No. 148-09), 71 (ECF No. 148-10), and 72 (ECF No. 148-11).  Bitdeer does not seek to maintain under seal any of the other documents provisionally sealed by Ayrton in conjunction with its summary judgment opposition filings on November 26, 2025.

In determining whether to seal a document, a court must balance the different competing interests, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  When balancing such interests, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  Furthermore, "in conducting this balancing and exercising its discretion, a district court should consider its ability to use redactions that do not unduly interfere with the public's right to access judicial documents in order to address privacy concerns." *Olson v. Major League Baseball*, 29 F.4th 59, 93 (2d Cir. 2022).

*First*, Bitdeer seeks to seal certain limited redactions to the documents identified in the table below that contain **personally identifying information** of Bitdeer personnel, namely the non-public phone numbers and home addresses of Bitdeer employees.  Consistent with the general practice in this Circuit, this Court has previously redacted such information in this case.  *See* ECF Nos. 52, 96; *see also, e.g.*, *Robinson v. De Niro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26,

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

2023) (Liman, J.) (sealing "personal or otherwise non-public email addresses and phone numbers"); *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 2024 WL 5076424, at *2 n.1 (S.D.N.Y. Dec. 11, 2024) (redacting phone numbers given "the relevant privacy interests outweigh the presumption of public access."). The phone numbers and addresses that Bitdeer seeks to seal belong to its employees and are generally nonpublic. Sealing is therefore appropriate.

*Second*, Bitdeer seeks to maintain under seal certain limited redactions to the documents identified in the table below that contain the **identities of non-party investors and counter-parties**. Bitdeer respectfully requests that the identities of these non-parties be redacted, both to protect those non-parties' confidentiality interests and because of the competitively sensitive nature of Bitdeer's investor relations. The identities of non-party investors and contractual counterparties have routinely been regarded by this Court as competitively sensitive information subject to sealing. *See* ECF Nos. 52, 96; *see also Druck Corp. v. The Macro Fund (U.S.) Ltd.,* 2002 WL 31415699, at *1 (S.D.N.Y. Oct. 28, 2002) (directing parties to file motion papers under seal— "to the extent they identify any non-party investor"—and file copies "in the public court files with the minimum amount of deletions necessary to protect the identity of the non-party investors"); *Caxton Int'l Ltd. v. Rsrv. Int'l Liquidity Fund, Ltd.*, 2009 WL 2365246, at *7 (S.D.N.Y. July 30, 2009) (similar). Bitdeer seeks to redact only the names of all such non-parties. These targeted redactions do not impede the right of public access to court filings any more than necessary to preserve the confidentiality of Bitdeer's non-public investor relations.

*Third*, Bitdeer seeks to maintain under seal certain limited redactions to the documents identified in the table below that specify the **terms of contemplated transactions** including Bitdeer's objectives and strategies in negotiating such terms. Bitdeer believes that disclosure of contemplated transaction terms would put Bitdeer at a competitive disadvantage in future negotiations. Specifically, Bitdeer seeks to redact specific dollar amounts, percentages (*e.g.*, interest rates), and time periods (*e.g.*, amortization periods) associated with contemplated transactions. Bitdeer also seeks to redact non-public information regarding one of its overseas properties. This kind of information has also routinely been sealed by this Court. *See* ECF No. 96; *see also, e.g., fuboTV Inc. v. Walt Disney Co.*, 2025 WL 19322 (S.D.N.Y. Jan. 2, 2025) (granting defendants' request to keep under seal and in redacted form "confidential terms of competitively sensitive contracts" because doing so was "sufficiently narrowly tailored to both protect the business interests of [defendants] as well as provide appropriate public access to judicial documents."); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8-*9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (granting request to seal "confidential business terms and reveal competitively sensitive financial information regarding [defendant's] business").

The table on the following page itemizes the redactions Bitdeer seeks, which are reflected in highlighting in the attachments to this letter-motion.

| | |
|---|---|
| **ECF No. 148-04** | Identities of non-party investors:  pp. 108, 118, 120, 212 |
| **ECF No. 148-09** | Personal identifying information: p. -55 |
| **ECF No. 148-10** | Identities of non-party investors: p. -48<br><br>Terms of contemplated transactions: pp. -48, -49 |
| **ECF No. 148-11** | Identities of non-party investors: p. -98 |

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Daniel Sisgoreo*
Daniel Sisgoreo

The motion for continued sealing is GRANTED for the reasons provided above. The Court adopts the proposed redactions at Dkt. No. 157.

The Clerk of Court is respectfully directed to seal Dkt. No. 156 and the accompanying exhibits and to close Dkt. No. 155.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

December 4, 2025