UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                        :
Ayrton Capital LLC,                                     :
                                                        :
                                Plaintiff,              :
                                                        :                    24-cv-5160 (LJL)
                -v-                                     :
                                                        :                    ORDER
Bitdeer Technologies Group,                             :
                                                        :
                                Defendant.              :
                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/26/2026

LEWIS J. LIMAN, United States District Judge:

This order resolves a number of motions to seal pending before the Court.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch*, 435 F.3d at 119.

"[A]ll documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. In other words, "[t]he weight will be strongest when the documents will 'directly affect an adjudication' of the merits and weakest when they will 'play

only a negligible role.'" *Pauwels v. Bank of N.Y.Mellon Corp.*, 2025 WL 41199, at *1 (S.D.N.Y. Jan. 7, 2025) (quoting *Lugosch*, 435 F.3d at 121). "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

If a presumptive right of public access exists, "the proponent of [sealing] must establish through 'specific, on the record findings . . . that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." *Courthouse News Serv. v. Corsones*, 2025 WL 758028, at *4 (2d Cir. Mar. 11, 2025) (quoting *Press-Enterprise Co. v. Super. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 13–14 (1986)). Protecting "significant and substantial privacy interests" is a higher value. *Id.* Courts have also frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615–17 (2d Cir. 2009); *Bergen Brunswig Corp. v. Ivax Corp.*, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510–11 (S.D.N.Y. 2015). In determining whether such information is properly sealed, courts may look to whether "the information [is] still relevant to the business" and "the degree to which a party would be competitively harmed if [the information] were revealed." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) (quotation marks and citation omitted).

In each of the motions addressed below, the parties have sought to file exhibits to motions either partially or entirely under seal. They also have sought to file redacted memoranda of law or other documents to withhold from the public docket information that implicates privacy interests or confidential commercial interests. Each of the filings is a judicial document. The

2

Court has also applied the standard applicable to submissions in connection with summary judgment motions.  The motions are granted and denied as indicated below.  In each instance, the Court has reviewed individually the documents sought to be filed under seal to determine whether there exist higher values that outweigh the right of access.  Most of the requests for confidentiality pertain to private telephone numbers and addresses or to sensitive business information including the terms of private contracts and confidential financial information.  In those instances, the Court has granted the motion for sealing.  In other instances, the information is insufficiently particularized to implicate higher values recognized as countervailing the presumption of public access and the Court has denied the motion.  Each of the rulings below is without prejudice to the Court coming to a different conclusion as it works through the pending summary judgment motions and in connection with trial (if the summary judgment motions are denied).

At Dkt. No. 44, Defendant Bitdeer Technologies Group ("Bitdeer") moves to file under seal Exhibits A and B of its opposition of the motion to compel of Plaintiff Ayrton Capital, LLC ("Ayrton").  Exhibit A (Dkt. No. 45-1) is a term sheet between the parties and, pursuant to the Court's Individual Practices, Bitdeer files the motion provisionally to protect Ayrton's business confidentiality.  As to Exhibit B (Dkt. No. 45-2) it requests that the personal phone numbers of participants be redacted.  Dkt. No. 44.  Ayrton has submitted a redacted copy of the term sheet, redacting those portions of the term sheet that contain confidential business information, at Dkt. No. 45-1 at Dkt. No. 51-1.  The motion at Dkt. No. 44 is granted.  Bitdeer shall publicly file the document at Dkt. No. 45-1 with the redactions reflected in Dkt. No. 51-1 and shall publicly file Dkt. No. 45-1 with the mobile telephone numbers redacted.

At Dkt. No. 58, Bitdeer moves to file under seal Exhibits 2–14 and 16 to the April 17,

2025 Declaration of Michael B. Carlinsky, and Bitdeer's memorandum of law in support of its forthcoming Motion to Amend its Answer, Affirmative Defenses, and Counterclaim. Dkt. No. 58. As to Exhibit 4 (Dkt. No. 61-4), Bitdeer seeks to redact two references to a non-party investor that contemplated an investment in Bitdeer. As to Exhibits 5 and 16 (Dkt. Nos. 61-5 and 61-16), Bitdeer seeks to redact personal telephone numbers. With respect to exhibits 2, 3, 5–12, and 16 (Dkt. Nos. 61-2, -3, -5–12, -16), Bitdeer moves to provisionally seal the documents so that Ayrton can assert confidentiality but asks that the personal telephone numbers on Exhibits 5 and 16 be permitted to be maintained under seal. Ayrton moves to maintain under seal the following in either redacted form or in its entirety. Dkt. Nos. 61-2, 61-8, 61-9, 61-10, 61-11, and 61-12. Dkt. Nos. 64, 65. The motions are granted in part and denied in part. The following documents shall be unsealed by the Clerk of Court: Dkt. Nos. 61-3, 61-6, 61-7. The motion to file Dkt. No. 61-2 in its entirety is denied without prejudice to the submission of a more narrowly tailored motion within two weeks of this Order. Ayront's motion to maintain the exhibits at Dkt. Nos. 61-8, 61-9, 61-10, and 61-11 under seal is granted. The motion to seal the document at Dkt. No. 61-12 is granted in part. The document shall be filed with the name of the investor redacted. The document at Dkt. No. 61-4 shall be publicly filed with the name on ECF pages 6 and 7 redacted. The documents at 61-5 and 61-16 shall be publicly filed with the telephone numbers redacted.

At Dkt. No. 66, Ayrton moves to file partially under seal its Opposition to Bitdeer's Motion for Leave to Amend its Answer, Affirmative Defenses, and Counterclaim (Dkt. No. 67), and Exhibits 1, 2, 4–10, 12, and 13 to the Declaration of Andrew Gladstein, Dkt. No. 68. Bitdeer moves to maintain under seal portions of Exhibits 2 and 4–9. Dkt. No. 72. Bitdeer's motion is granted in its entirety. Ayrton's motion is granted in part and denied in part. It is granted with

respect to the redactions to footnote 2 in Dkt. No. 67 but otherwise denied as to Dkt. No. 67.  It is granted as to Exhibits 1, 2, 4, 6, and 10.  It is denied with respect to Exhibit 12 except as to BIT0000815 which is granted.  The denial of the motion as to Exhibis 8 and 13 is without prejudice to the submission of a motion with more narrowly tailored redactions within two weeks of the date of this Order.

At Dkt. No. 74, Bitdeer moves to file under seal Exhibits 17–19 to the May 8, 2025 Declaration of Michael B. Carlinsky, and Bitdeer's reply memorandum of law in further support of its Motion to Amend its Answer, Affirmative Defenses, and Counterclaim.  Dkt. No. 74.  Exhibits 18 and 19 (Dkt. No. 76-18, 76-19) are, respectively, the transcripts of the depositions of Haris Basit, Bitdeer's Chief Strategy Officer, and Jeff LaBerge, Bitdeer's Head of Capital Markets and Strategic Initiatives.  Bitdeer seeks to redact references in both transcripts to non-party investors that contemplated investing in Bitdeer.  That motion is granted and the documents shall be filed with the names of the non-party investors redacted.  Bitdeer requests provisional sealing of Exhibit 17 (Dkt. No. 76-17) which is an email chain in which counsel for the parties to this action discuss certain information that Ayrton disclosed to Bitdeer under a confidentiality designation in this matter and of Bitdeer's reply memorandum of law (Dkt. No. 75) which contains quotations from a deposition transcript that Ayrton has requested to seal in full.  *See* ECF No. 64.  Ayrton does not object to unsealing of the reply brief and requests limited sealing of exhibit 17 as reflected in the document at Dkt. No. 82-1.  Dkt. Nos. 81, 82.  The Clerk of Court shall unseal the document at Dkt. No. 75.  The document at Dkt. No. 76-17 may be filed with the redactions reflected at Dkt. No. 82-1.

At Dkt. No. 106, Bitdeer moves to file under seal its memorandum of law in support of its forthcoming Motion for Summary Judgment, Bitdeer's Rule 56.1 Statement of Undisputed

Material Facts, and Exhibits 2, 3, 7–10, 12–25, 27–33, and 36 to the November 12, 2025 Declaration of Renita Sharma.  Dkt. No. 106.  Bitdeer seeks to maintain under seal certain limited portions of Exhibits 8 (Dkt. No. 110-8), 13 (Dkt. No. 110-14), 16 (Dkt. No. 110-17), 17 (Dkt. No. 110-18), 18 (Dkt. No. 110-19), 19 (Dkt. No. 110-20), and 27 (Dkt. No. 110-28) that contain certain personally identifying information of Bitdeer personnel such as telephone numbers.  That motion is granted.  Bitdeer seeks to maintain under seal the portions of Exhibit 7 (Dkt. No. 110-7) that contain the identities of non-party investors and counterparties.  That motion is granted.  Bitdeer has provisionally filed under seal its memorandum of law (Dkt. No. 108), Rule 56.1 Statement (Dkt. No. 109), and expert report (Dkt. No. 110-34) because each refers to documents and testimony Ayrton designated as confidential in discovery, including the documents and testimony contained within Exhibits 2, 3, 8–10, 12–25, 27–32, and 36.  The Clerk of Court shall unseal Dkt. Nos. 110-12, 110-13, 110-31, and Dkt. No. 110-34, as to which there is no objection to unsealing.  In addition, the motion to seal Dkt. No. 110-26 is denied.  The proposed redactions to Bitdeer's memorandum of law in support of its motion for summary judgment and its Rule 56.1 statement are approved and those documents shall be publicly filed with the redactions as reflected at Dkt. Nos. 132-1 and 132-2.  The redactions and requests for sealing at Dkt. No. 131 are approved and the documents shall be filed consistently with the redactions reflected therein with the following exceptions: as to Dkt. No. 110-10, only the terms of the offering shall be redacted; as to Dkt. No. 110-25, only the name of the investor shall be redacted; as to Dkt. No. 110-26, the motion is denied.

At Dkt. No. 116, Ayrton moves to file in redacted form its memorandum of law in support of summary judgment, its Rule 56.1 statement and exhibits 2, 11–13, 40, and 43 to the declaration of Andrew D. Gladstein (Dkt. No. 123) and to file entirely under seal exhibits 1, 4–6,

6

14–55, and 60. Dkt. No. 116. The redactions to the memorandum of law and the Rule 56.1 statement at Dkt. Nos. 120 and 121 are approved. The redactions requested in Ayrton's letter at Dkt. No. 116 and in Bitdeer's letter at Dkt. No. 126 are approved and the exhibits listed in that letter shall be filed publicly with the indicated information redacted.

At Dkt. No. 134, Bitdeer moves to file the following documents under seal: its memorandum of law in opposition to the motion for summary judgment (Dkt. No. 135), its Rule 56.1 counterstatement (Dkt. No. 136), and exhibits 37, 40, 41 and 43 to the November 26, 2025 Declaration of Renita Sharma (Dkt. No. 137). Dkt. No. 134. The redactions to the memorandum of law in opposition to the motion for summary judgment and the Rule 56.1 counterstatement requested by Bitdeer at Dkt. No. 134 and by Ayrton at Dkt. No. 153 are approved. In addition, the redactions to the exhibits requested by Bitdeer at Dkt. No. 134 and by Ayrton at Dkt. No. 153 are approved. The documents shall be publicly filed consistent with the requested redactions.

At Dkt. No. 142, Ayrton moves to file partially under seal its memorandum of law in opposition to the motion for summary judgment (Dkt. No. 146), its response to Bitdeer's Rule 56.1 statement (Dkt. No. 147), and exhibits 63–65 and 67–68 to the declaration of Andrew D. Gladstein (Dkt. No. 148) and entirely under seal exhibits 66 and 69–75 of the Gladstein declaration. Dkt. No. 142. The redactions to the memorandum of law at Dkt. No. 146 are not approved. The document shall be publicly filed without redactions. The yellow highlighted redactions to the Rule 56.1 response at Dkt. No. 147 are approved (but the green highlighted ones are not). The document shall be filed publicly with the yellow highlighted material redacted. The redactions requested by Bitdeer for exhibits 66 (Dkt. No. 148-04), 70 (Dkt. No. 148-09), 71 (Dkt. No. 148-10), and 72 (Dkt. No. 148-11) are approved. The redactions to exhibits requested by Ayrton at Dkt. No. 142 are approved and the documents shall be publicly

7

filed consistent with the Ayrton requested redactions.  The documents at Dkt. Nos. 148-7 and 148-8 shall be unsealed.

At Dkt. No. 162, Ayrton moves to file exhibits 78–80 of the Gladstein declaration in support of its reply in further support of its motion to dismiss (Dkt. No. 164) under seal and its reply memorandum of law (Dkt. No. 163) partially under seal.  Dkt. No. 162.  The redaction to exhibit 80 (Dkt. No. 164-4) requested by Ayrton and the limited redactions requested by Bitdeer (at Dkt. Nos. 168 and 170) to Dkt. No. 163 and the exhibits at Dkt. Nos. 164-1, 164-2, and 164-3 are approved and the documents shall be filed consisted with the requested redactions.

The party who made the original filing that is the subject of this Order shall be responsible for complying with this order with respect to the filing of a document in redacted form.  Publicly filed documents shall be filed within two weeks of the date of this Order.  With respect to those few exhibits as to which the Court has permitted more limited redactions, the parties shall meet and confer.  In the event that a renewed motion to seal is intended to be made as to those exhibits, the parties shall so advise the Court but need not file unredacted copies within two weeks of this Order.

The Clerk of Court is respectfully directed to close the following motions: Dkt Nos. 44, 58, 64, 65, 66, 72, 74. 106, 116, 126, 131, 134, 142, 162 and 168.

SO ORDERED.

Dated: March 26, 2026
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge