# FRESHFIELDS

Silicon Valley

855 Main Street
Redwood City, CA  94063

Eunice Leong
T  +1 (650) 618-9250
T  +1 (650) 461-8277 (direct)
E  eunice.leong@freshfields.com

freshfields.us

Doc ID - -/0
Our Ref -

VIA ECF

**April 9, 2026**

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE:**    ***Ayrton Capital, LLC v. Bitdeer Technologies Group*, No. 1:24-cv-05160-LJL**

Dear Judge Liman,

We represent Plaintiff Ayrton Capital, LLC ("Ayrton") in the above-captioned matter. Pursuant to Paragraph 2(H) and Attachment A of Your Honor's Individual Practices and the Court's March 26, 2026 Order, Dkt. No. 172, we respectfully renew our request to partially seal portions of Exhibit 2 annexed to the April 17, 2025 Declaration of Michael Carlinsky in Support of Bitdeer Technologies Group's Motion for Leave to Amend Its Answer, Affirmative Defenses and Counterclaim, Dkt. No. 61-2.

On March 26, 2026, Your Honor denied Ayrton's request to maintain Dkt. No. 61-2 entirely under seal without prejudice to the submission of a more narrowly tailored motion. Dkt. 172 at 4. As set forth below, Ayrton now seeks to redact only narrow categories of information in Dkt. No 61-2. As directed in Your Honor's March 26, 2026 Order, we have conferred with counsel for Defendant Bitdeer Technologies Group, who have stated that they do not oppose Ayrton's renewed motion to maintain seal.

In determining whether to seal a document, a court should balance the different competing interests, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Ayrton seeks to seal highly confidential information relating to its investment strategy and confidential business information, including non-party companies in which it has previously invested. Compelling reasons support granting Ayrton's narrowly tailored request to seal.

Ayrton would be competitively harmed by disclosure of its highly confidential investment strategy and potential counterparties. *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) (Liman, J.) ("Courts have [] frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access."); *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2021 WL 2451981, at *1 (S.D.N.Y. June 16, 2021) (crediting movants' "assert[ion] that the proposed redactions are necessary to protect their confidential and proprietary business information"). Furthermore, the competitively sensitive information Ayrton seeks to seal relates to the proposed terms for the transaction contemplated by the Term Sheet, deals with other counterparties with no relevance to this lawsuit, and details regarding Ayrton's available financial resources at a specific point in time.  *See* Opposition Memorandum of Law;

Rule 56.1 Statement Responses; DEx. 37. This information plays a "negligible role," if any, "in the adjudication of th[e] motion for summary judgment." *Spencer-Smith*, 2025 WL 1115019, at *2 (quoting *Lugosch*, 435 F.3d at 121).

Ayrton thus respectfully requests that the Court grant its motion to redact the yellow highlighted portions of Exhibit 2 to the April 17, 2025 Carlinsky Declaration.

Thank you for your attention to this matter.

 */s/ Eunice Leong*

The motion to file Exhibit 2 to the April 17, 2025 declaration of Michael Carlinsky in Support of Bitdeer Technologies Group's Motion for Leave to Amend its Answer, Affirmative Defenses and Counterclaim, Dkt. No. 61-2, is GRANTED, and the exhibit shall be publicly filed by no later than April 13, 2026 with the redactions as reflected at Dkt. No. 185-1.

The redactions are narrowly tailored and maintain under seal only information the disclosure of which would cause commercial harm.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 184.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

April 10, 2026